**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSE GUTIERREZ,

       Plaintiff,

v.                                    No. 1:24-cv-00786-WJ-KK

STATE OF NEW MEXICO
13TH JUDICIAL DISTRICT COURT,
CHERYL JOHNSTON,
in her individual and official capacity, and
NANCY COLELLA,
in her individual and official capacity.

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

This case arises from a child custody proceeding in state court. *See* Complaint for Civil Rights Violation, Doc. 1, filed August 7, 2024 ("Complaint"). *Pro se* Plaintiff alleges that Defendant Johnston, who is the state court district judge presiding over the child custody proceeding, and Defendant Colella, who is a "Special Commissioner" for the state court, violated Plaintiff's civil rights during the state court proceeding. Complaint at 1-2. Plaintiff seeks the following relief: (i) "$20,000,000,000 for emotional distress, mental anguish, defamation, mail threats, unauthorized communication, legal research, miscellaneous expenses and seized funds reimbursement;" (ii) a declaration that "the actions taken by the Defendant(s) Judge Johnston and Commissioner Colella and related agencies were unauthorized and void;" and (iii) an order "[p]ermanently enjoin[ing] the Defendant(s) Judge Johnston and Commissioner Colella from further unauthorized actions against Plaintiff." Complaint at 51.

Defendants move for dismissal of this case on the following grounds: (i) *Younger* abstention; (ii) absolute judicial immunity; and (iii) Eleventh Amendment immunity. *See* Motion to Dismiss, Doc. 10, filed September 6, 2024 ("Motion").

***Younger* Abstention**

Defendants assert that the *Younger* abstention doctrine requires that the Court dismiss this case. *See* Motion at 2-5. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Defendants and Plaintiff state this case arises from proceedings in state court case No. D-1329-DM-2020-00117 ("*Gutierrez I*"). *See* Motion at 1; Complaint at 3.[1] Defendants state Plaintiff is:

---

[1] Plaintiff also referenced a second related case, "D-1329-DV-2021-0316 *Anaya v. Gutierrez*" ("*Gutierrez II*"), which involved petitions for orders of protection from domestic abuse. *See* Complaint at 9, ¶ 20; at 10, ¶ 25; at 12, ¶ 33; at 13, ¶ 35; at 15, ¶ 45. After Plaintiff and Cristin Anaya, both of whom were represented by counsel in *Gutierrez II*, stipulated to dismissal of the petition and temporary orders of protection, and on Defendant Colella's recommendation, Defendant Johnston dismissed the petition and temporary orders of protection in *Gutierrez II* on January 14, 2022.

> challeng[ing] the State Court ruling by filing an appeal to the New Mexico Court of Appeals where he has raised identical concerns, including challenging the judicial authority of the Defendants. The Court of Appeals has stayed the appeal pending the outcome of court-ordered mediation. *See Jose Gutierrez v. Cristin Anaya*, A-1-CA-41805.

Motion at 1, n.1 (noting that "The appellate docket likewise reflects that Plaintiff has filed a Motion to Stay the District Court proceedings pending the outcome of the appeal. *See* Appellant's Expedited Motion for Order to Stay Pending the Appeal in the New Mexico Court of Appeals, file[d] 8/19/2024"). State-court records show that the New Mexico Court of Appeals has removed the case from mediation, ordered the parties to file briefs, and denied Plaintiff's expedited motion to stay district court proceedings pending appeal. State-court records also show that Defendant Judge Johnston presided over proceedings in *Gutierrez I* in state district court from March 6, 2020, until recusal on October 1, 2024. Judge Allen R. Smith was assigned to *Gutierrez I* and set a hearing for February 7, 2025.

> Plaintiff states:

> 3. Filing of the appeal is **not** identical to the filing in the United States District Court of New Mexico.

> 4. Henceforth, The New Mexico Court of Appeals is **not** addressing the ongoing constitutional civil right violations by Judge Cheryl Johnston ("Judge Johnston") and Hearing Officer Nancy Colella ("Commissioner Colella"). It's found the defendant's conspire to intentionally engage in unlawful acts to violate the constitutional rights of the Plaintiff. Therefore, the *Younger* Abstention does not apply.

Response at 2-3, Doc. 14, filed September 10, 2024 (emphasis in original).

The three conditions for *Younger* abstention have been met. First, *Gutierrez I* is currently ongoing in state court with some issues on appeal to the New Mexico Court of Appeals. Second, the state district court and the New Mexico Court of Appeals provide an adequate forum to hear Plaintiff's claims of alleged deprivations of constitutional rights that Plaintiff asserts in this case.

Third, *Gutierrez I* involves child custody which is an important state interest governed by state law.  Addressing Plaintiff's claims in this case would interfere with the state court proceedings in *Gutierrez I*.  Plaintiff has not shown there are extraordinary circumstances that would allow the Court to not invoke *Younger* abstention.  Plaintiff states the New Mexico Court of Appeals is not addressing the alleged ongoing constitutional civil right violations by Defendants Johnston and Colella but has not shown that the state courts precluded him from raising those arguments on appeal.  Consequently, the Court must abstain from hearing this case pursuant to *Younger*.  *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances").

**Eleventh Amendment Immunity**

Plaintiff is asserting claims against the "State of New Mexico Thirteenth Judicial District Court" and Defendants Johnston and Colella, both of whom are state officials.  Complaint at 1.  Defendants contend that Plaintiff's claims are barred by Eleventh Amendment immunity.  *See* Motion at 6-8.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

4

*Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015).

The Court concludes that Plaintiff's claims for damages against the State of New Mexico, the Thirteenth Judicial District Court and Defendants Johnston and Colella in their official capacities are barred by the Eleventh Amendment's guarantee of sovereign immunity to states. Plaintiff has not shown that the State of New Mexico has consented to suit in federal court. Plaintiff has also not shown that Congress has abrogated the State of New Mexico's sovereign immunity.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983"); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits").

Plaintiff seeks injunctive relief against Defendants Johnston and Colella for "further unauthorized actions against Plaintiff."  Complaint at 51, ¶ 182.  Plaintiff states that *Ex parte Young* "established that state officials can be sued in their official capacity for prospective relief to end ongoing violations of federal law.  Complaint at 47, ¶ 166.

The Court dismisses Plaintiff's claims for injunctive relief against Defendants Johnston and Colella.  "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."  *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015).  Plaintiff, however, seeks prospective injunctive relief against *judicial officers*.

> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable. See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

*Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (quoting 42 U.S.C. § 1983) (emphasis added).  Plaintiff has not shown that a declaratory decree was violated or that declaratory relief was unavailable.

**Absolute Judicial Immunity**

Defendants assert that they are entitled to absolute judicial immunity because their "roles were integral to the judicial process and the alleged actions occurred in proceedings before a State District Court."  Motion at 6.

Defendant Johnston is a state court judge.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting* Mireles v. Waco, 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

Defendant Colella is a "Special Commissioner" for the state court.  "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.  Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral

relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

Plaintiff argues that "Title 42 USC Code Sec 1983; Sec. 1985; and Sec. 1986 clearly establishes the right to sue anyone who violates your constitutional rights" and "the judges may not claim immunity from suit regarding the allegations of the complaint." Response at 3, ¶ 8; at 4, ¶ 11. Plaintiff has not, however, shown that Defendants Johnston and Colella acted in the complete absence of all jurisdiction; the allegations in the Complaint show that Defendants Johnston and Colella were acting in their judicial capacities. The Court dismisses Plaintiff's claims against Defendants Johnston and Colella in their individual capacities.

**Declaratory Judgment**

Plaintiff seeks a declaration that "the actions taken by the Defendant(s) Judge Johnston and Commissioner Colella and related agencies were unauthorized and void." Complaint at 51, ¶ 181.

"[D]istrict courts possess discretion in determining whether ... to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*" *United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002) (emphasis in original) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added). In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

The Court declines to declare that the actions of Defendants Johnston and Colella were unauthorized and void. Such a declaration would improperly encroach upon state jurisdiction. Objecting to the state district court's rulings and appealing to the New Mexico Court of Appeals is a better and more effective alternative remedy.

**Conclusion**

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction pursuant to *Younger*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that:

(i)     Defendants' Motion to Dismiss, Doc. 10, filed September 6, 2024, is **GRANTED.**

(ii)    This case is **DISMISSED without prejudice.**

/**s**/

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**